**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SYLVESTER WILLIAMS, JR.,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
DE-0752-13-0322-I-1

DATE: April 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas F. Muther, Jr., Esquire, Denver, Colorado, for the appellant.

Brian J. Odom, Denver, Colorado, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action demoting him for unacceptable performance. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to include a harmful error analysis, we AFFIRM the initial decision.

¶2    The appellant appealed from the agency's decision demoting him from Supervisor, Distribution Operations, EAS-17, at the Denver General Mail Facility in Denver, Colorado, to Bulk Mail Dock Clerk, PS-07. Initial Appeal File (IAF), Tab 1, Tab 5 at 18, 20-23. The agency initially proposed the appellant's removal, charging him with Unacceptable Performance.[2] IAF, Tab 5 at 36-43. The parties engaged in mediation pursuant to chapter 650 of the agency's Employee and Labor Relations Manual, but they were unable to resolve the matter. *Id.* at 35. On May 15, 2013, the Senior Manager of Distribution Operations, J.M., issued a decision letter sustaining the charge, but mitigating the removal to a downgrade in craft. *Id.* at 20-23. On appeal, the administrative judge found that the agency proved three of ten specifications of the charge. IAF, Tab 19, Initial Decision (ID) at 5-10. The appellant alleged as an affirmative defense that the agency denied him procedural due process because J.M. relied upon ex parte information developed during the mediation, at which J.M. was not present, when he decided

---

[2] Although the agency labeled the charge as Unacceptable Performance, the administrative judge found that it was more properly construed as Unacceptable Conduct. IAF, Tab 16 at 2 n.1. We agree.

to mitigate the penalty. *See* IAF, Tab 15 at 5-6, Tab 16 at 5-6. Although the administrative judge could not determine the source of the information that J.M. received, the agency did not dispute that it failed to advise the appellant that statements he made during the mediation would be considered in the penalty determination. ID at 13-14. The administrative judge concluded that an ex parte communication had taken place. Because J.M. considered the communicated information as a mitigating factor, however, and not as an aggravating factor that enhanced the penalty, no due process violation occurred, "and thus the appellant was not prejudiced by its consideration."[3] ID at 14.

¶3        On review, the appellant challenges only the findings regarding due process.[4] The appellant argues that the information from the mediation session that J.M. received was new and material information received by ex parte communications as defined in *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). He argues that the analytical requirements set forth in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011) (applying the *Stone* factors[5] to information introduced during penalty determinations), are not limited to the review of information supporting enhancement of the penalty and may include mitigating information. Petition for

---

[3] The appellant also alleged that management was acting in reprisal for a failed removal action against an employee that he supervised. *See* IAF, Tab 16 at 3. The administrative judge found no evidence to support the proposition that J.M. considered the appellant's role in the failed removal other than the temporal connection between the attempted removal and the onset of disciplinary action against the appellant. *See* ID at 14.

[4] The appellant does not take issue with the administrative judge's findings regarding the charge.

[5] *Stone* set forth factors for determining whether ex parte communications have introduced new and material information: (1) whether the information was merely cumulative; (2) whether the employee knew of and had an opportunity to respond to the information; and (3) whether the ex parte communications would likely have resulted in undue pressure upon the deciding official to rule in a particular manner. *Stone,* 179 F.3d at 1377.

Review (PFR) File, Tab 1 at 7-11.  *Ward*, he argues, requires the agency to provide "a meaningful opportunity to address 'whether the level of penalty to be imposed is appropriate.'"  *Id.* at 10.  There is no indication in *Ward*, he asserts, that ex parte communications are somehow permissible even if they are used as mitigating factors in penalty determinations.  *Id.*  The appellant further argues that the agency's failure to notify him regarding its use of the information was prejudicial "***because*** [he] was deprived of any meaningful opportunity to address whether the ultimate demotion, in light of the ex parte evidence considered, was appropriate."  *Id.* at 11 (emphasis in original).  He argues that had he been able to respond, the agency might have imposed a less severe penalty or even allowed him to retain his supervisory position.  *Id.*

¶4          The appellant does not cite any authority supporting the specific proposition he advances, nor have we found any such authority.  *Ward* explicitly states that an employee must receive "*notice of any aggravating factors supporting an enhanced penalty*" given to the deciding official.  *Ward*, 634 F.3d at 1280 (emphasis added).  The court referenced information "contributing to the enhancement of the penalty" more than once when explaining that there exists "no constitutionally relevant distinction between ex parte communications relating to the underlying charge and those relating to the penalty."  *Id.*  The Board has repeatedly cited *Ward* for the specific proposition that an employee must receive notice of aggravating or penalty-enhancing factors.  *See, e.g.*, *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 31 (2014); *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 11 (2013); *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶¶ 5-7 (2011).  Ultimately, the Board's inquiry must be "whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances."  *Stone*, 179 F.3d at 1377.  Although the agency failed to inform him of the communication, its omission was not by its very nature likely to cause prejudice

*against* the appellant. Accordingly, we AFFIRM the administrative judge's finding that the communication did not violate the appellant's right to due process.

¶5  If the ex parte communications are insufficiently substantial to rise to the level of a due process violation, then "the Board [is] required to run a harm[ful] error analysis to determine whether the procedural error require[s] reversal." *Ward*, 634 F.3d at 1281; *see* 5 U.S.C. § 7701(c)(2)(A). Here, the initial decision states that J.M.'s consideration of the information attained through ex parte communications did not prejudice the appellant, but it does not clearly state that the administrative judge considered whether the agency's procedural error required reversal. We thus consider the issue here.[6]

¶6  Harmful error is an "'[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.'" *Ward*, 634 F.3d at 1281; 5 C.F.R. § 1201.56(c)(3). Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). The appellant here has not shown that the agency would have reached a different decision in the absence of the error. His assertions that he might have provided additional supporting evidence or made arguments that might have resulted in a less severe penalty are speculative. It is not clear how he could have augmented the arguments that were already sufficiently persuasive to convince J.M. to mitigate the penalty of removal. He argues that "there is no evidence that [the information gleaned from the mediation] was in any way

---

[6] An administrative judge's adjudicatory error that does not prejudice a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

duplicative" of the information that he raised in his reply to the notice of proposed removal. PFR File, Tab 4 at 5. However, *he* bore the burden of proof for his affirmative defenses, *see* 5 C.F.R. § 1201.56(a)(2)(iii), (b)(i), and he is the party in the best position to know and explain how the information would have been different. He also cannot establish that the agency would have considered a lesser penalty to be appropriate for the specific misconduct he committed. Duties related to timekeeping go to the heart of supervisory responsibilities, and supervisors are held to a higher standard of conduct than the employees they supervise. *Cf., e.g.*, *Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 12 (2015); *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 32 (2009); *Whelan v. U.S. Postal Service*, 103 M.S.P.R. 474, ¶¶ 13-14 (2006), *aff'd*, 231 F. App'x 965 (Fed. Cir. 2007). Accordingly, we AFFIRM the administrative judge's decision as MODIFIED.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.